UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| RONALD E. WALKER, | ) | CASE NO. 4:09CV0380 |
|  | ) |  |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
|  | ) |  |
| -vs- | ) |  |
|  | ) |  |
| J. T. SHARTLE, et al., | ) | MEMORANDUM OF OPINION |
|  | ) | AND ORDER |
| Respondents. | ) |  |

Before the court is pro se petitioner Ronald E. Walker's petition for writ of habeas corpus seeking immediate release pursuant to 28 U.S.C. § 2241. Mr. Walker, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), claims his imprisonment is a grievous miscarriage of justice because he is actually innocent of the crime for which he was convicted.

Background[1]

Mr. Walker was indicted in the United States District Court for the Southern District of West Virginia and charged with aiding and abetting a scheme involving mail and wire fraud and the use of fire in committing a federal felony.  See United States v. Walker, No. 2:01cr0103 (S.D. WV 2001).  A jury convicted Mr. Walker of three separate fraudulent schemes. The first involved tools and equipment he falsely reported stolen from his garage. The second concerned a truck belonging to Charles D. Matthews, which Mr. Matthews falsely reported stolen to obtain insurance money. The third fraud involved Messrs. Walker's and Matthews's trucks and a flatbed trailer they purposely set on fire in order to collect insurance proceeds.  Petitioner was sentenced on February 28, 2002 to thirty-seven months for aiding and abetting mail and wire fraud and a consecutive term of one hundred twenty months for use of fire in the commission of a federal felony.

A direct appeal of Mr. Walker's conviction was timely filed in the Fourth Circuit Court of Appeals. United States v. Walker, No. 02-4233, 2002 WL 31104923 (4th Cir. 2002).  On September 23, 2002, the Fourth Circuit affirmed his conviction and held that: (1) defendant was not entitled to cross-examine government witness about her alleged involvement with drug dealers while serving as confidential informant; (2) evidence was sufficient to support convictions; and (3) statute requiring additional 10-year sentence for using fire or explosive to commit a felony did not facially exceed Congress's commerce power.  Id.

---

[1] In order to fully evaluate the relevant facts in this case, the court also relied on facts recited in United States v. Walker, No. 02-4233, 2002 WL 31104923 (4th Cir. Sep. 23, 2002), the Fourth Circuit's Opinion denying petitioner's appeal.  See Myers v. United States, 198 F.3d 615, 619 (6th Cir.1999)(proper for federal court in a post-conviction proceeding to rely on factual conclusions given on direct appeal).

Mr. Walker filed a Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 in the Southern District Court of West Virginia. Walker v. United States, No. 2:03-CV-02193 (S.D. WV 2003). The court denied the Motion on October 4, 2005. He appealed the district court's order denying relief on his § 2255 motion and his motion to amend. After remanding the matter to the district court for the limited purpose of determining whether petitioner's Notice of Appeal was timely filed, the Fourth Circuit denied the motion for a certificate of appealability and dismissed the appeal on July 22, 2008. United States v. Walker, No. 06-7848, 2008 WL 2814126 (4th Cir. 2008).

## ANALYSIS

Mr. Walker now argues he is entitled to relief from this court pursuant to 28 U.S.C. §2241 because he has "determined all other remedies ineffective or inadequate by law." (Pet. at 1.) Moreover, he argues he is "actually innocent of the enhancement statute." The three grounds upon which he argues he is entitled to relief include: (1) trial attorney failed to produce exculpatory evidence that was available to him at the time; (2) prosecution failed to establish he "used" fire to commit a felony as required by statute;[2] and, (3) indictment never named his coconspirator, therefore, he could not be charged with aiding and abetting in violation of 18 U.S.C. § 844(h)(1). Mr. Walker notes further that the insurance company never pursued any action against him to recover funds from the claim.

## 28 U.S.C. § 2241

Claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence must be filed in the sentencing court under 28 U.S.C. § 2255. See

---

[2]While petitioner does not cite the relevant statute in his petition, the record reflects he was convicted, in part, of violating 18 U.S.C. § 844(h), which states: "Whoever--(1) uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States, . . .".

3

Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). Without question, Mr. Walker seeks to challenge his conviction and sentence. Because this court did not impose his original sentence, it lacks jurisdiction to examine his claim pursuant to 28 U.S.C. § 2255. Therefore, whether petitioner now has a remedy pursuant to 2241 will be addressed by the court.

The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw, 86 F.3d at 166. It is only when the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention" that § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence. United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam).

Section 2255 is not considered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Id. Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

To date, it has only been when a prisoner has shown an intervening change in the law establishes his actual innocence that he can invoke the savings clause of § 2255 and proceed under § 2241. Lott v. Davis, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004)(unpublished)("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"); see Martin v. Perez, 319 F.3d 799, 804 (6th Cir.2003); United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001)("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence").

Mr. Walker claims that old evidence shows the fire was not started in the manner alleged by the prosecution. He adds that his attorney was aware of this information at the time of his trial, but for reasons unexplained, he chose not to introduce it.

These claims do not qualify as actual innocence. "'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Martin, 319 F.3d at 804 (quoting in Bousley v. United States, 523 U.S. 614, 623 (1998)). "Actual innocence" in this regard means factual innocence, rather than mere legal insufficiency. Id. Every argument Mr. Walker raises is directed at a claim of legal insufficiency.

Petitioner has failed to present any argument to support why his § 2255 remedy is inadequate. A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion

5

is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. Furthermore, unlike other prisoners who have obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. Walker had the opportunity to raise his claim on appeal and in the § 2255 motion to vacate he filed in the district court. Based on the facts alleged, Mr. Walker is not entitled to § 2241 relief because he has failed to allege any basis upon which this court could consider his § 2255 remedy is inadequate or ineffective.

Based on the foregoing, petitioner's Motion to Proceed In Forma Pauperis is granted and the petition is **dismissed** pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: June 1, 2009                         *s/     James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE